UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-11-3421 |
| DAVID F. MICKELSON, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 9). After considering the parties' arguments and the applicable law, the Court finds that Defendant's Motion to Dismiss should be denied.

### I.   BACKGROUND[1]

Plaintiff American General is in the business of underwriting and issuing policies of life insurance. (Compl., Doc. No. 1, ¶6.) Defendant David Mickelson entered into an Agent Contract with Plaintiff to solicit applications for Plaintiff's insurance plans. (*Id.* ¶¶ 7–8; Agent Contract, Doc. No. 15-3.) Plaintiff contends that Defendant marketed American General life insurance to a customer named Adele Ciccati, and Plaintiff paid Defendant $83,329.20 in commissions when the policy was issued to Ciccati in January 2007. (Compl. ¶ 8.) The policy was rescinded and the premiums paid for the policy were returned to Ciccati in March 2011, and thus Plaintiff contends that, under the Agent Contract, Defendant must return the commissions issued for that policy. (*Id.* ¶¶ 9–10.)

---

[1] The following facts are drawn from Plaintiff's Complaint (Doc. No. 1) and are accepted as true for purposes of the Motion to Dismiss.

1

Plaintiff brings claims for breach of contract and breach of fiduciary duty. Plaintiff asserts that Plaintiff and Defendant have a fiduciary relationship, and that Defendant owed Plaintiff a duty to discharge his duties in good faith and with reasonable diligence, and not to materially prejudice Plaintiff's interest. (*Id.* ¶ 16.) A portion of Defendant's debt has been offset by other commissions payable to Defendant, but Defendant remains liable to American General for $78,511.90. (*Id.* ¶ 11.)

Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6). Although Defendant initially moved to dismiss both claims, he withdrew his motion to dismiss with respect to Plaintiff's breach of contract claim. (Reply, Doc. No. 16, at 2.) Thus, the Court considers only Defendant's arguments about Plaintiff's breach of fiduciary duty claim.

## II.     LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

### III.  ANALYSIS

As an initial matter, Defendant states that the Court may not consider the Agent Contract attached to Plaintiff's Response to the Motion to Dismiss. (Reply at 2.) However, a court may consider a document attached to a response to a motion to dismiss when that document is sufficiently referenced in the complaint and its authenticity is unquestioned. *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (relying on documents that were "explicitly referenced in the complaint, acknowledged in the answers, and attached to [Plaintiff]'s opposition to the Defendants' motions to dismiss"); *see also U.S. ex rel. Colquitt v. Abbott Laboratories*, No. 3:06-cv-1769-M, 2012 WL 1081453, at *29 (N.D. Tex. Mar. 30, 2012); *Keel v. Wal-Mart Stores, Inc.*, No. 1:11-CV-248, 2012 WL 488248, at *2 (E.D. Tex. Jan. 11, 2012). In the present case, Plaintiff's Complaint references the Agent Contract and states that "this lawsuit arises out of the Agent Contract." (Compl. ¶ 7.) It also notes Defendant's obligations under the contract. (*Id.* ¶¶ 10, 13.) Defendant also states, in his initial disclosures, that he is in possession of a "[c]opy of an agency agreement between plaintiff and defendant." (Doc. No. 13, at 3.) Defendant does not object to the authenticity of the Agent Contract attached to Plaintiff's Response or assert that he is in possession of a different contract, but rather withdrew a portion of his Motion to Dismiss based on this copy of the contract. Accordingly, the Court is satisfied that the Agent Contract is central to Plaintiff's claims and that Defendant has not objected to the authenticity of the document, and will consider its contents in evaluating Defendant's Motion to Dismiss.

Under Texas law, the elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the

defendant's breach. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied); *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex. App.—Texarkana 2004, no pet.). Defendant asserts that Plaintiff has not alleged facts sufficient to show that a fiduciary relationship exists. The parties agree that there are two types of fiduciary duties under Texas law: duties that arise as a matter of law and duties that arise out of the parties' past relationship and previous dealings. *See Ins. Co. of N. Am. v. Morris,* 981 S.W.2d 667, 674 (Tex. 1998). "An agency relationship creates, as a matter of law, a fiduciary relationship." *Harding Co. v. Sendero Resources, Inc.*, --- S.W.3d ----, 2012 WL 840383 (Tex. App.—Texarkana 2012, no pet. h.) (citing *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 200 (Tex. 2002)). "[T]he agent owes his principal loyalty and good faith, integrity of the strictest kind, fair, honest dealing, and the duty not to conceal matters which might influence his actions to his principal's prejudice." *Hartford Cas. Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681, 688 (Tex. App.—Corpus Christi 1991). An agent also has a fiduciary duty to "account for profits arising out of the employment . . . and the duty to deal fairly with the principal in all transactions between them." *Brewer & Pritchard*, 73 S.W.3d at 200 (citing Restatement (Second) of Agency § 387). At a minimum, a fiduciary duty encompasses a duty of good faith and fair dealing, requiring the parties to "deal fairly" with one another. *Crim Truck & Tractor Co. v. Navistar International Transportation Corp.*, 823 S.W.2d 591, 594 (Tex.1992), *superseded by statute on other grounds*, Tex. Rev. Civ. Stat. Ann. art. 4413, § 6.06(e) (Vernon 2001).

The Court must consider the substance of an agreement to act on a principal's behalf in determining the nature of the relationship. *See National Plan Adm'rs, Inc. v. National Health Ins. Co.*, 235 S.W.3d 695, 702–03 (Tex. 2007); *Horizon Offshore Contrs., Inc. v. Aon Risk Servs of Tex.*, 283 S.W.3d 53, 57–59 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("under the

5

unambiguous language of the Agreement," the defendant was not acting as the plaintiff's agent and thus no fiduciary relationship was established).  Unlike *National Plan Administrators* and *Horizon*, however, the Agent Contract at issue in this case specifically establishes an agency relationship, and provides that, upon demand, Defendant must pay Plaintiff any unearned commissions or service fees received by him with respect to premiums or payments that have been returned to the policy owner by Plaintiff for any reason.  (Compl. ¶ 10; Agent Contract ¶ 4.7.)  Thus, Plaintiff has asserted facts sufficient to show that the Defendant breached a fiduciary duty by failing to return the unearned commissions.  *See American General Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 393, 397 (S.D. Tex. 2011) (interpreting a similar agent contract, which "requires defendant to return any unearned commissions paid to him in the event that American General returns premiums to the policy owner" and "does not explicitly state that no fiduciary relationship exists," to impose a fiduciary duty of good faith and fair dealing).

Additionally, Defendant argues that Plaintiff has not alleged facts sufficient to show a breach of the duty.  However, Plaintiff's Complaint contends that Defendant failed to return the commissions associated with Ciccati's rescinded policy after they were demanded by Plaintiff.  Thus, Plaintiff has stated a claim for breach of fiduciary duty.

### IV.    CONCLUSION

For the reasons discussed in this order, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 18th day of April, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE